UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

**CIVIL ACTION NO. 20-245-DLB**

**LISA GARCIA MEDINA**                                                                                          **PLAINTIFF**

**v.**                                       **MEMORANDUM OPINION AND ORDER**

**KILOLO KIJAKAZI, Commissioner**
**of the Social Security Administration**                                                    **DEFENDANT**

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court on Plaintiff Lisa Garcia Medina's Motion for Summary Judgment, (Doc. # 11), pursuant to 42 U.S.C. § 405(g), which allows Plaintiff to obtain judicial review of an administrative decision by the Commissioner of Social Security. Defendant Andrew Saul, then Commissioner of the Social Security Administration ("SSA"),[1] filed a Cross Motion for Summary Judgment. (Doc. # 13). The Court, having reviewed the administrative record and the parties' motions, and for the reasons set forth herein, **affirms** the Commissioner's decision.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On March 21, 2017, Lisa Garcia Medina filed an application for Disability Insurance Benefits under Title II of the Social Security Act, and Supplemental Security Income under Title XVI of the Social Security Act, alleging disability as of August 25, 2016. (Tr. 233-

---

[1]    During the pendency of this lawsuit, Dr. Kilolo Kijakazi replaced Andrew Saul as Acting Commissioner of the Social Security Administration. Mr. Saul, as former Commissioner, was named in the original Complaint (Doc. # 1) of this lawsuit, but the Social Security Administration as an entity remains the official defendant, and so the Court has substituted the current Acting Commissioner's name in the case caption.

1

247).  Medina was thirty-nine years old at the onset of the alleged disability that rendered her unable to work.  (Tr. 241).  Medina's application was denied initially on May 8, 2017 (Tr. 117), and again upon reconsideration on August 18, 2017 (Tr. 140).  At Medina's request (Tr. 176-177), an administrative hearing was conducted, (Tr. 36-104), and on May 17, 2019, Administrative Law Judge ("ALJ") Greg Holsclaw found that Medina was not disabled under the Social Security Act and, therefore, not entitled to benefits.  (Tr. 12-35).  The decision became the final decision of the Commissioner on April 20, 2020 when the Appeals Council denied Medina's request for review.  (Tr. 1-6).

## II.    DISCUSSION

### A.    Standard of Review

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729-30 (6th Cir. 2007) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997)).  "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)).  Courts are not to conduct a de novo review, resolve conflicts in the evidence, or make credibility determinations.  *Id.* (citing *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).  Rather, the Court must affirm the Commissioner's decision as long as it is supported by substantial evidence, even if the Court might have decided the case differently.  *Her v. Comm'r of Soc. Sec.,* 203 F.3d 388,

389-90 (6th Cir. 1999) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  In other words, if supported by substantial evidence, the Commissioner's findings must be affirmed even if there is evidence favoring Plaintiff's side.  *Id.*; *see also Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988).  In determining whether the Commissioner's conclusion is supported by substantial evidence, courts "must examine the administrative record as a whole."  *Cutlip*, 25 F.3d at 286.

   **B.     The ALJ's Determination**

To determine disability, an ALJ conducts a five-step analysis.  *Walters*, 127 F.3d at 529.  Under Step One, the ALJ considers whether the claimant is engaged in substantial gainful activity; Step Two, whether any of the claimant's impairments, alone or in combination, are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether a significant number of other jobs exist in the national economy that the claimant can perform.  *See id.* (citing 20 C.F.R. § 404.1520).  The burden of proof rests with the claimant for Steps One through Four.  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).  At Step Five, the burden of proof "shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity."  *Id.* (citing *Bowen*, 482 U.S. at 146 n.5).

Here, at Step One, the ALJ found that Medina had not engaged in substantial gainful activity since August 25, 2016, the onset date of Plaintiff's alleged disability.  (Tr. 18).  At Step Two, the ALJ determined that Medina had the following severe impairments: polyarthralgia/fibromyalgia with chronic fatigue, obesity, degeneration of the knees with

ACL deficiency and degeneration of the shoulder and spine, sleep apnea with a history of asbestos exposure and paroxysmal atrial fibrillation, anemia, depression, and anxiety. (*Id.*). At Step Three, the ALJ determined that Medina did not have any impairment or combination of impairments that meet or medically equal the severity of any of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 19).

The ALJ then determined that Medina possessed the residual functional capacity ("RFC") to perform "less than the full range of light work" as defined in 20 C.F.R. § 404.1567(b), with the following exertional and non-exertional limitations:

> [N]o lifting/carrying more than 20 pounds occasionally, ten pounds frequently; no standing/walking more than six hours out of an eight-hour day; no sitting more than six hours out of an eight-hour day; can do unlimited pushing/pulling up to the exertional limitations; can do unlimited balancing; no more than occasional stooping, kneeling, crouching, or climbing ramps or stairs; but no climbing ladders, ropes, or scaffolds; no work in areas of concentrated hear or cold; no work in areas of concentrated vibration or use of vibrating hand tools; no reaching overhead bilaterally; no more than frequent fingering or handling bilaterally; no work in areas of concentrated dust, fumes, gases, or other cardio-pulmonary irritants; no work around dangerous, moving machinery or unprotected heights; no more than simple, routine work; can persist in attention, concentration, and pace for two-hour intervals necessary to complete simple tasks; no more than frequent interaction with co-workers, supervisors, or the general public; and, no more than occasional change in the workplace setting.

(Tr. 21-22). The ALJ concluded at Step Four that Medina was unable to perform any past relevant work, such as that of a certified nurse assistant. (Tr. 26).

At Step Five, the ALJ concluded that due to Medina's age, education, work experience, and RFC, there are a significant number of jobs in the national economy that she can perform. (Tr. 26). Based on the opinion of a Vocational Expert ("VE"), the ALJ more specifically determined that Medina could perform a number of occupations, such as mail sorter, ticket taker, and cashier. (Tr. 27). Accordingly, the ALJ concluded that

Plaintiff was not disabled as defined by the Social Security Act at any time from August 25, 2016, through the date of the ALJ's decision. (*Id.*).

C. **Analysis**

In Medina's Memorandum in Support of her Motion for Summary Judgment, she makes two arguments—that the ALJ's decision was not supported by substantial evidence in the record because: (1) the ALJ wrongly decided that Medina did not meet Listing 14.09 and (2) the ALJ failed to state the reasons for rejecting the medical opinion of her treating source, Dr. Ahmed. (Doc. # 11-1 at 7-14). Each of these arguments will be discussed in turn.

1. *Listing 14.09*

As described above, at Step Three of the ALJ's decision, the ALJ must determine whether Medina possesses an impairment or combination of impairments that meet or medically equal the severity of any of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. If Medina has "an impairment(s) that meets or equals one of [the SSA] listings" the ALJ is required to find that she is disabled, "without considering [her] age, education, and work experience." 20 C.F.R. § 404.1520(a)(4)(iii), (d). In other words, the inquiry ends there and the ALJ must find that Medina is disabled.

Here, Medina argues that the ALJ wrongly determined that Medina did not meet Listing 14.09. (Doc. # 11-1 at 7). Medina argues that she meets Listing 14.09D due to inflammatory arthritis. (*Id.* at 10). Unfortunately for Medina, her argument is a non-starter because this Court does not resolve conflicts of evidence. *See Cutlip*, 25 F.3d at 286.

The Appendix defines inflammatory arthritis in 14.00D6 as including:

> [A] vast array of disorders . . . [c]linically, inflammation of major joints in an upper or lower extremity may be the dominant manifestation causing

5

> difficulties with walking or fine and gross movements; there may be joint pain, swelling, and tenderness. The arthritis may affect other joints, or cause less limitation in walking or fine and gross movements. However, in combination with extra-articular features, including constitutional symptoms or signs (severe fatigue, fever, malaise, and involuntary weight loss), inflammatory arthritis may result in an extreme limitation.

Listing 14.09D provides that the Listing will be met if the individual has:

> Repeated manifestations of inflammatory arthritis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level: 1. Limitation of activities of daily living.  2. Limitation in maintaining social functioning.  3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

Medina argues that she meets Listing 14.09D because of her medical treatment for "rheumatology, primary care, and hematology[,]" her self-reported symptoms of "struggl[ing] with personal care due to pain and cramping in her hands, and her hands and fingers swell[ing] and stay[ing] stiff[,]" and her "documented [] struggle with running a fever, persistent fatigue and malaise." (Doc. # 11-1 at 9-10).

However, the ALJ determined that Medina did not meet one of the marked limitations required by Listing 14.09D. (Tr. 20). In support of this finding, the ALJ explained that Medina "has retained significant use of her hands for such day-to-day activities as caring for her children[;] driving; cooking; and, light household chores." (*Id.*) (internal citations omitted). The ALJ supported this finding with evidence in the medical record, including: that although Medina experiences pain, she cooks for herself and children (Tr. 275 and 289), she is able to clean and do laundry (Tr. 280 and 289), and she is able to drive and shop for household needs (Tr. 281 and 290). The ALJ also noted that although Dr. Ahmed opined that Medina met the Listings in 14.09, he failed to provide "any objective medical findings demonstrating an inability to ambulate effectively" which ran contrary to the observations reported by both Medina and her mother. (Tr. 20).

6

Similarly, the ALJ explained that Medina's ability to function in her daily activities "negate[s] a finding that the claimant . . . has marked limitations in the activities set forth in Listing 14.09(D)." (*Id.*).

In reviewing the medical documents in the record, the Court finds that there is substantial evidence supporting the ALJ's decision. As discussed above, the ALJ performed a thorough review of the medical record before determining that Medina did not meet Listing 14.09. (Tr. 20). The ALJ's review is fatal to Plaintiff's argument because this Court "does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ." *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. App'x 411, 414 (6th Cir. 2011). Because the ALJ pointed to substantial evidence in the record to support his determination that Medina did not meet Listing 14.09, this Court declines to re-weigh the ALJ's findings or resolve any perceived conflict of evidence.

### 2. *Treating Source Opinion*

Next, Medina argues that the ALJ failed to state good reasons for rejecting the medical opinion of her treating source, Dr. Ahmed, when determining whether Medina met Listing 14.09. (Doc. # 11-1 at 11).

Treating sources are one of the three types of medical sources that the SSA has deemed acceptable. *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). Treating source opinions are given the most weight because "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture

of [the claimant's] medical impairments(s)."  20 C.F.R. § 404.1527(c)(2).[2]  The ALJ is typically required to give "good reasons . . . for the weight [he] give[s] [the claimant's] treating source's medical opinion."  *Id.*  However, the "'treating physician rule' only applies to *medical* opinions" and thus the treating source's opinion is "not entitled to controlling weight."  *Rowland v. Colvin*, No. 15-50-DLB, 2016 WL 1305896, at *4 (E.D. Ky. Apr. 1, 2016).  Ultimately, "although [the Commissioner] consider[s] opinions from medical sources on issues such as whether [the claimant's] impairment(s) meets or equals the requirements of any impairment(s) in [a] Listing . . . the final responsibility for deciding these issues is reserved to the Commissioner."  20 C.F.R. § 404.1527(d)(2); *see Counter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 722 (6th Cir. 2013).  This section goes on further to state that the Commissioner "will not give any special significance to the source of an opinion on issues reserved to the Commissioner described in paragraphs (d)(1) and (d)(2) of this section."  § 404.1527(d)(3); *see Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 493 (6th Cir. 2010) ("Although the ALJ may not entirely ignore such an opinion, his decision need only 'explain the consideration given to the treating source's opinion.'") (internal citations omitted).

Unfortunately for Medina, the ALJ provided a comprehensive explanation for why Dr. Ahmed's opinion that Medina met Listing 14.09 was not followed.  The ALJ reasoned that Dr. Ahmed's opinion "consists only of checking boxes on a form without any notation of supporting objective medical findings."  (Tr. 25).  The ALJ went on to explain further that a review of Dr. Ahmed's treatment records confirms that Medina had "normal gait

---

[2]   Plaintiff's application for disability benefits was filed before March 27, 2017, on March 21, 2017.  (Tr. 233-247).  Therefore, the ALJ is required to follow the standards set out in 20 C.F.R. § 404.1527 when evaluating the opinions of medical sources.

8

and station, with normal bulk and tone" and "no deformities in . . . elbows, wrists, hips, and ankles, noting only reports of tenderness, reduced range of motion in the claimant's right shoulder, and crepitus in her knees." (*Id.*). Following a review of these records, the ALJ determined that these "findings belie the suggestion that the criteria of Listing 14.09 are met." (*Id.*). While Plaintiff may disagree with the ALJ's findings, they are adequately supported by the record.

For example, Dr. Ahmed's treatment records state that Medina has normal gait and station and note her only issue is widespread points of tenderness. (Tr. 620). While the form filled out by Dr. Ahmed opined that Medina met Listing 14.09, the only evidence he used to support this conclusion is that Medina suffered from "elevated CRP" and "elevated ESR" (Tr. 855-857), which presumably refers to two common tests used to evaluate inflammation in the body. *See* Berivan Bitik et al., *Differential diagnosis of elevated erythrocyte sedimentation rate and C-reactive protein levels: a rheumatology perspective.* 2(4) Eur J Rheumatol 131 (2015), accessible at: https://www.ncbi.nlm.nih.gov/pmc/articles/PMC5047224/.  These tests do not support Dr. Ahmed's opinion that Medina has any of the symptoms, signs, or marked levels required to make a finding of disability under Listing 14.09.

Even if the "good reasons standard" was required to be met, the ALJ's decision would be shielded as "a harmless *de minimis* procedural violation." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).  A harmless error may be present if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it."  *Id.* (internal quotation marks omitted).  Here, Dr. Ahmed's opinion regarding whether Medina

9

meets Listing 14.09 consists of a single form document, where he simply checked a number of boxes, which fails to reference any supporting medical evidence outside of the testing that confirms Medina's inflammation. (Tr. 855-857). Therefore, the ALJ's explanation of why he discounted Dr. Ahmed's opinion was appropriate, and will not be remanded for further proceedings.

### III.   CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)   The decision of the Commissioner is supported by substantial evidence and is hereby **AFFIRMED**;

(2)   Plaintiff's Motion for Summary Judgment (Doc. # 11) is hereby **DENIED**;

(3)   The Commissioner's Motion for Summary Judgment (Doc. # 13) is hereby **GRANTED**;

(4)   This civil action is hereby **DISMISSED** and **STRICKEN** from the Court's active docket; and

(5)   A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 28th day of February, 2022.



Signed By:
*David L. Bunning* DB
United States District Judge

O:\DATA\SocialSecurity\MOOs\Lexington\20-245 MOO Medina.docx